IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SAM EDWARD CROUCH, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CASE NO. 4:12-CV-28 CDL-MSH |
| | : | 28 U.S.C. § 2254 |
| Warden RUSSELL WASHBURN, | : | |
| | : | |
| Respondent. | : | |

_____

**REPORT AND RECOMMENDATION**

Presently pending before the Court is Respondent's Motion to Dismiss Plaintiff's petition for habeas relief as untimely. (ECF No. 10.) Petitioner was notified of the filing of Respondent's Motion to Dismiss on April 2, 2012, (ECF No. 12) and filed a response to the motion on May 3, 2012. (ECF No. 15.) For the reasons described below, Respondent's motion should be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed as untimely. Because this action should be dismissed, Petitioner's pending Motion to Stay (ECF No. 3), Amended Motion to Stay (ECF No. 7), and Motion to Amend (ECF No. 13) should be denied as moot.

**BACKGROUND**

On October 4, 2001, in the Superior Court of Talbot County, Petitioner Sam Crouch was found guilty of felony murder and aggravated assault. (Pet. for Writ of Habeas Corpus 2, ECF No. 1; Br. in Supp. of Mot. to Dismiss 1, ECF No. 10-1.)

Petitioner was sentenced to life in prison. (Pet. for Writ of Habeas Corpus 2.) Petitioner appealed his conviction and sentence to the Georgia Supreme Court. (*Id.* at 3.) The Georgia Supreme Court affirmed his conviction on November 21, 2005. *Crouch v. State*, 279 Ga. 879, 884, 622 S.E.2d 818, 823 (2005). Petitioner filed a petition for writ of certiorari which was denied by the United States Supreme Court on October 1, 2007. *Crouch v. Georgia*, 552 U.S. 845 (2007).

On January 30, 2008, Petitioner moved for state habeas relief in the Mitchell County Superior Court. (Resp't's Ex. 1 at 1, ECF No. 14-1.) The state court denied Petitioner's request for habeas relief on December 15, 2008. (Resp't's Ex. 4, ECF No. 14-10.) Petitioner filed an application for probable cause to appeal with the Georgia Supreme Court which was dismissed on April 28, 2009. (Resp't's Ex. 5, ECF No. 14-11.) Petitioner moved the Georgia Supreme Court to reconsider its dismissal of his application for probable cause to appeal. (Resp't's Ex. 6, ECF No. 14-12.) The Georgia Supreme Court denied Petitioner's motion to reconsider on June 1, 2009. (*Id.*)

Petitioner filed an initial federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 16, 2009. (Resp't's Ex. 9 at 8, ECF No. 14-15.) That petition was voluntarily dismissed on June 23, 2010. *Crouch v. Chatman*, No. 4:09-cv-109, Text Only Order, June 23, 2010. Petitioner filed this application for habeas relief on January 18, 2012. (Pet. for Writ of Habeas Corpus 11.)

## DISCUSSION

I.   **The AEDPA limitations period**

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was

enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, in order to determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and citation omitted) (alterations in original).

## II. Petitioner's Application is outside the AEDPA one-year limitations period.

Here, the limitations period has expired and Petitioner's petition is untimely.

Petitioner was found guilty on October 4, 2001, and sentenced to life in prison on October 10, 2001. *Crouch v. State*, 279 Ga. at 879 n.1. Petitioner filed an appeal. On November 21, 2005, the Supreme Court of Georgia affirmed his conviction and sentence. *Crouch v. State*, 279 Ga. at 884. Petitioner thereafter filed a petition for writ of certiorari which was denied by the United States Supreme Court on October 1, 2007. *Crouch v. Georgia*, 552 U.S. 845 (2007). "If a prisoner petitions the Supreme Court for a writ of certiorari, his conviction becomes final when the Supreme Court denies the petition or affirms the conviction." *Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006). Consequently, Petitioner's one-year AEDPA limitations period began to run on October 1, 2007, and expired on October 1, 2008 unless the limitations period was tolled.

Petitioner's state habeas corpus petition was filed on January 30, 2008. (Resp't's Ex. 1 at 1.) At that point, Petitioner had used almost four months, 121 days, of the one-year limitations period, but the remainder of the period was tolled during the pendency of the state habeas action. 28 U.S.C. § 2244(d)(2). The state court denied Petitioner's request for habeas relief on December 15, 2008. (Resp't's Ex. 4.) Petitioner had thirty days from December 15 within which to file an application for a certificate of probable cause with the Georgia Supreme Court. O.C.G.A. § 9-14-52(b). Petitioner waited until February 5, 2009, to file his application for a certificate of probable cause. (Resp't's Ex. 5.) The Georgia Supreme Court dismissed his application for a certificate of probable cause as untimely on April 28, 2009, and denied his motion for reconsideration on June 1, 2009. (Resp't's Exs. 5-6.) Because Petitioner's application for a certificate of probable cause was not timely filed, the time the Georgia Supreme Court spent considering it does

4

not toll the AEDPA limitations period. *See Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004) ("[A] state post-conviction application is 'pending' under § 2244(d)(2) both when it actually is being considered by the state habeas court and during the gap of time between the state habeas court's initial disposition and the petitioner's *timely* filing of a petition for review at the next level.") (emphasis in original). Petitioner's one-year limitations period thus began running again on December 15, 2008.[1]

As of December 15, 2008, Petitioner had 244 remaining days in his one-year AEDPA limitations period. That time expired on August 17, 2009. Petitioner did not file this federal application for habeas relief until January 18, 2012, more than two years after the limitations period expired. Although Petitioner filed a previous federal petition for a writ of habeas corpus in September 2009, that application did not toll the AEDPA time period. *See, e.g., Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) ("[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)[,] and therefore "[does] not toll the limitation period during the pendency of [petitioner's] first federal habeas petition."). This federal petition, filed January 18, 2012, over two years after the expiration of the limitations period fails to invoke the jurisdiction of this Court. Petitioner's application for habeas relief is therefore untimely and Respondent's motion

---

[1]  Even if this Court tolled the AEDPA limitations period during the time that the Georgia Supreme Court considered Petitioner's application for a certificate of probable cause, this application would nonetheless be untimely. The Georgia Supreme Court denied his motion for reconsideration on June 1, 2009. Two hundred and forty-four days from that date is February 1, 2010. This petition was filed almost two years after the expiration of the AEDPA limitations period.

to dismiss should be granted.

### III.   Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

### CONCLUSION

For the reasons described above, Respondent's Motion to Dismiss (ECF No. 10) should be GRANTED and Petitioner's action should be dismissed as untimely. Petitioner's Motion to Stay (ECF No. 3), Amended Motion to Stay (ECF No. 7), and Motion to Amend (ECF No. 13) should be denied as moot.  Since Petitioner cannot meet the requisite standard, a certificate of appealability should be denied.  Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14)

days after being served a copy of this recommendation.

    SO RECOMMENDED, this 6th day of June, 2012.

                                        S/Stephen Hyles
                                        UNITED STATES MAGISTRATE JUDGE